**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

PRIME BUYERS CLUB LLC,

                    Plaintiff,

     v.

EBIN NEW YORK, INC.

                   Defendant.

------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. __21-6829____

**COMPLAINT AND JURY TRIAL**
**DEMAND**

*Electronically Filed*

Plaintiff Prime Buyers Club LLC ("Plaintiff"), by and through its counsel, hereby brings this Complaint against Ebin New York, Inc. ("Ebin" or "Defendant"), and alleges as follows:

**PARTIES**

1.     Plaintiff is a limited liability company organized and existing under the laws of the State of New York, with an address at 3774 Bedford Avenue, Brooklyn, New York 11229.

2.     On information and belief, Defendant Ebin is a New Jersey corporation having an address at 506 US-46, Teterboro, New Jersey 07608.

**JURISDICTION AND VENUE**

3.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

4.     Furthermore, Defendant is subject to general and specific jurisdiction in this Court, *inter alia*, because it conducts business in this District and has committed at least some of the acts complained of herein within this District.

5.      On information and belief, Defendant sells large quantities of cosmetic and beauty supply products to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York and in this District.

6.      Defendant has purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

7.      Specifically, at all relevant times, Defendant was aware that Plaintiff resided in the Eastern District of New York and that its illegal acts would cause harm to Plaintiff in New York.  Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in Brooklyn, New York.

8.      Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendant is subject to personal jurisdiction in this District.

**BACKGROUND FACTS**

9.      On information and belief, Defendant is in the business of manufacturing and distributing cosmetic and beauty products ("Ebin Products").

10.     On information and belief, Defendant is the owner of U.S. Trademark Registration No. 5,992,250 for SECRET OF PHARAOH for goods in International Class 3 including eyeshadow, and Registration No. 4,958,982 for 24 HOUR EDGE TAMER for goods in International Class 3 including various types of hair products ("the Ebin Registrations").

11.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

12.     Plaintiff resells products through an Amazon storefront, "PrimeBuyersClub."

13.     Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

14.     Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

15.     Upon information and belief, Amazon is the world's largest online retailer.

16.     According to published reports, "Amazon's market cap alone is bigger than the nine biggest U.S. retailers put together." Dorothy Neufeld, *Visualizing the Size of Amazon, the World's Most Valuable Retailer*, Visual Capitalist (July 2, 2020), https://www.visualcapitalist.com/amazon-worlds-most-valuable-retailer/.

17.     Amazon's online e-commerce platform allows for third parties, like Plaintiff, to sell products on its e-commerce platform.

18.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

19.     Since approximately 2016, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

20.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

21.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

22.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

23.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

24.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

25.     Plaintiff's Amazon storefront has amassed over one thousand four hundred and fifty reviews and holds a 100% positive rating in the last 30 days.

26.     A small sample of Plaintiff's recent reviews are shown below:



27.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANT'S ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

28.     On information and belief, Defendant seeks to increase its profits by controlling the distribution and pricing of its products, including Ebin Products, through unlawful means.

29.     Such control over the distribution and pricing of products is especially sought by brand owners during the holiday season, when more consumers are actively shopping.

30.     As demonstrated below, Defendant has engaged in an effort to preclude select third parties, including Plaintiff, from reselling genuine Ebin Products on online marketplaces by making false allegations of intellectual property infringement and by making defamatory statements.

31.     On information and belief, the purpose of these false complaints and defamatory statements was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff, thereby preventing Plaintiff from selling genuine Ebin Products on Amazon.

32.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendant has no legitimate intellectual property claim(s) against Plaintiff.

33.     Indeed, Plaintiff purchases the Ebin Products it resells on its Amazon storefront directly from Defendant.

34.     Under the first sale doctrine, Plaintiff is lawfully permitted to resell Ebin Products without violating the intellectual property rights or other legal rights of Defendant.

35.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to resellers, so long as the resellers are selling authentic, unaltered products.

36.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

37.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

> **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

See Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

38.     On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

39.     On information and belief, Defendant was, at all relevant times, aware that Amazon acts on reports of trademark infringement, regardless of the truth of the report.

40.     Defendant filed false complaints with Amazon that alleged that Plaintiff was selling Ebin Products that infringed the Ebin Registrations.

41.     Defendant knew, or should have known, that such allegations were false.

42.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

43.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, Amazon, https://www.amazon.com/report/infringement (last visited October 31, 2019).

44.     Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

45.     For example, on or about October 22, 2021, Plaintiff received a notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?

Please provide the following to reactivate your listings:
-- A letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section on your account health dashboard (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- EBIN NEW YORK
-- customerservice@ebinnewyork.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

What happens if I do not provide the requested information?
Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. Violating this policy may also result in loss of selling privileges or other legal consequences.

Rights owner communication: We have problem with this seller recently after than we didn't supply our product to this seller. please take some action.
ASIN: B08F2YP8ZM
Infringement type: Counterfeit
Trademark asserted: 5992250
Complaint ID: 9094277051

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on

Amazon.

46.     The above report relates to an Ebin Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

47.     The Ebin Product identified in the above report was genuine.

48.     The Ebin Product identified in the above report was distributed by Defendant, itself.

49.     On information and belief, prior to filing the above complaint, Defendant knew, or should have known, that the Ebin Product sold by Plaintiff did not infringe the above cited Ebin Registrations.

50.     On information and belief, Defendant's allegation that the above Ebin Product infringed Defendant's trademark rights was knowingly false and made in bad faith.

## DEFENDANT REFUSES TO CEASE SUBMITTING FALSE COMPLAINTS TO AMAZON

51.     The above false report is part of an ongoing and continuous course of conduct by Defendant to interfere in Plaintiff's ability to resell Ebin Products.

52.     On or about July 19, 2021, Defendant filed a series of false complaints with Amazon alleging infringement of the Ebin Registrations, resulting in suspension of at least seven of Plaintiff's listings of Ebin Products.

53.     On or about July 22, 2021, Plaintiff's counsel wrote to Defendant requesting that Defendant retract the false complaints, as the Ebin Products in question had been directly sold to Plaintiff by Defendant.

54.     On or about July 26, 2021, Defendant responded to Plaintiff's counsel that itwould retract the complaints.

55.     On or about October 22, 2021, Defendant again filed false complaints with Amazon alleging infringement of the Ebin Registrations, again resulting in suspension of multiple of Plaintiff's listings of Ebin Products.

56.     On or about December 7, 2021, Plaintiff's counsel wrote to Defendant again demanding that Defendant retract the complaints.

57.     On or about December 8, 2021, Defendant responded to Plaintiff' counsel suggesting that it would not retract the complaints.

### HARM TO PLAINTIFF

58.     As a result of each of the above false intellectual property complaints submitted to Amazon, Plaintiff's listings relating to the Ebin Products were suspended, resulting in an immediate loss of revenue.

59.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

60.     On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

61.     On information and belief, Defendant has used these same tactics, namely filing false intellectual property complaints, against other Amazon sellers.

62.     At no time has Plaintiff ever sold Ebin Products that infringed any of Defendant's intellectual property or other legal rights.

63.     The Ebin Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

64.     Defendant knowingly made false infringement complaints against Plaintiff.

65.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

66.     As a result of Defendant's false complaints, Plaintiff's performance metrics were irreparably damaged.

67.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

68.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

69.     Defendant's false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### (No Trademark Infringement)

70.     Plaintiff realleges and incorporates all previous paragraphs.

71.     Defendant manufactures and distributes Ebin Products and places such products into the stream of commerce.

72.     Plaintiff stocks, displays, and resells new, genuine Ebin Products, each bearing a true mark.

73.     Defendant has submitted one or more complaints to Amazon that state that Plaintiff sold Ebin Products that infringed, *inter alia*, the Ebin Registrations.

74.     The Ebin Products sold by Plaintiff were genuine and in their original packaging.

75.     Defendant's complaints have caused the suspension of Plaintiff's selling privileges as they relate to Ebin Products.

76.     Defendant's complaints have put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

77.     Under these facts, an actual controversy exists between Plaintiff and Defendant.

78.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

### COUNT II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

79.     Plaintiff realleges and incorporates all previous paragraphs.

80.     This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

81.     Plaintiff and Defendant compete for sales of beauty and cosmetic products.

82.     Plaintiff has a commercial interest in its commercial and business reputation.

83.     Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

84.     Defendant has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are not genuine, thereby materially effecting their decision and ability to purchase Plaintiff's products.

85.     Defendant's reports to Amazon were designed to advance its business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendant's market share and profits.

86.     Defendant's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute commercial advertising.

87.     Defendant's false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

88.     The false and misleading representations had, and continue to have, a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

89.     Defendant has made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

90.     On information and belief, Defendant had actual knowledge that there was no support for the complaints that Defendant submitted to Amazon in connection with Plaintiff's product, and Defendant acted with the intent that Plaintiff's ability to sell Ebin Products be removed thereby forcing consumers to purchase Ebin Products directly from Defendant and/or select distributors at, *inter alia*, artificially inflated prices.

91.     Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendant's false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

92.     Defendant's wrongful acts as alleged in this complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

93.     The damage to Plaintiff's economic and reputational injuries was directly caused by Defendant's false and misleading representations.

94.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

95.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

96.     Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III – UNFAIR COMPETITION
## PURSUANT TO THE NEW YORK COMMON LAW

97.     Plaintiff realleges and incorporates all previous paragraphs.

98.     This is a claim for unfair competition, arising under the common law of the State of New York.

99.     By reason of all of the foregoing, Defendant, as market competitors of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold infringing Ebin Products.

100.    Defendant's conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

101.    As a result of Defendant's unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to be deceived and confused into

believing that Plaintiff's products are non-genuine or otherwise infringe Defendant's trademark rights.

102.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

103.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

104.    Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

**COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS**

105.    Plaintiff realleges and incorporates all previous paragraphs.

106.    Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

107.    Plaintiff is also in a contractual relationship with Amazon.

108.    At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

109.    At all relevant times, Defendant was aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

110.    Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

111.    Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

112.    Defendant intended to cause Amazon to suspend Plaintiff's ability to sell Ebin Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

113.    Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's ability to sell Ebin Products on Amazon.

114.    Defendant's accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

115.    Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of Ebin Products to be suspended.

116.    Defendant's accusations were false and were made maliciously and with ill will.

117.    Plaintiff has been damaged by suspension of these listings by losing revenue related to Ebin Products.

118.    Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

119.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT V – DEFAMATION

120.    Plaintiff realleges and incorporates all previous paragraphs.

121.    Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Ebin Products infringed the Ebin Registrations.

122.    Plaintiff did not infringe the Ebin Registrations.

123.    Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to the Ebin Products.

124.    Defendant's false statements were injurious to Plaintiff's business because they caused Amazon and Plaintiff's customers to avoid purchasing products from Plaintiff.

125.    Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

126.    Defendant's false statements are not protected by any privilege.

127.    Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

128.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

129.    Here, Defendant published statements that Plaintiff was engaged in trademark infringement.

130.    Defendant's false statements constitute defamation per se.

131.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Ebin Products and damage to its relationship with Amazon and its customers.

132.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Ebin Products have been suspended and Plaintiff has lost sales of Ebin Products and many other products.

133.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

134.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT VI – TRADE LIBEL

135.    Plaintiff realleges and incorporates all previous paragraphs.

136.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

137.    Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling infringing Ebin Products.

138.    Defendant's statements that Plaintiff was selling infringing Ebin Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

139.    As discussed above, on information and belief, Defendant knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

140.    Plaintiff suffered special damages as a result of Defendant's statements in the form of lost dealings.

141.    As a result of Defendant's false complaints, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

142.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

143.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant, including the Ebin Registrations;

B.       Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing complaints with Amazon and any other e-commerce platform;

C.       Injunctive relief requiring Defendant to rescind all complaints that they have filed against Plaintiff;

D.       An award of all damages that Plaintiff has suffered as a result of Defendant's false representations and unfair competition;

E.       An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

F.       An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

G.       An award of all damages that Plaintiff has suffered as a result of Defendant's trade libel;

H.       An award of all costs and fees incurred in this Action; and

I.       Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  December 9, 2021                     Respectfully submitted,

TARTER KRINSKY & DROGIN  LLP

By:  *s/ Tuvia Rotberg*
     Tuvia Rotberg
     1350 Broadway
     New York, NY  10018
     Tel.:     (212) 216-8000
     Fax:     (212) 216-8001
     E-mail: trotberg@tarterkrinsky.com

     ***Attorneys for Plaintiff***

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  December 9, 2021                    Respectfully submitted,

TARTER KRINSKY & DROGIN  LLP

By:  *s/ Tuvia Rotberg*
      Tuvia Rotberg
      1350 Broadway
      New York, NY  10018
      Tel.:     (212) 216-8000
      Fax:     (212) 216-8001
      E-mail:  trotberg@tarterkrinsky.com

      *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  December 9, 2021                      Respectfully submitted,

                                             TARTER KRINSKY & DROGIN  LLP

                                             By:  *s/ Tuvia Rotberg*
                                                  Tuvia Rotberg
                                                  1350 Broadway
                                                  New York, NY  10018
                                                  Tel.:    (212) 216-8000
                                                  Fax:     (212) 216-8001
                                                  E-mail: trotberg@tarterkrinsky.com

                                             ***Attorneys for Plaintiff***